UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Stephanie Tisdell, individually and on behalf of all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>Brutger Equities, Inc.,<br><br>Defendant. | Court File No. _____<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

The Plaintiff, Stephanie Tisdell, for her Complaint against Defendant, states and alleges as follows:

## NATURE OF ACTION

1.     This is a Class and Collective Action Complaint brought to obtain relief resulting from Defendant's failure to pay its hourly employees for all time worked, in violation of Minnesota and Federal law.

2.     Defendant instituted a scheme in which hourly employees would not be paid for any time worked before the five minutes preceding their scheduled shifts.

3.     Defendant routinely required it employees to work before these five-minute "buffer periods," but systematically refused to compensate them for this time.

4.     As a result, Defendant failed to compensate Class Members for, at least, thousands of hours of compensable time during the class period, including overtime wages.

## PARTIES, JURISDICTION & VENUE

5.      Plaintiff Stephanie Tisdell is a resident of the City of Hibbing, County of St. Louis, State of Minnesota. She worked as a property maintenance manager for Defendant. She worked in Defendant's Mountain Iron, Minnesota hotel. She routinely worked more than 40 hours per week without being paid overtime premium pay and had earned wages withheld.

6.      Defendant is a Minnesota corporation with its principal place of business in St. Cloud, Minnesota.

7.      Defendant is, and at all relevant times was, the employer of Plaintiff and all similarly situated individuals subject to Minnesota law and the FLSA.

8.      Defendant conducts substantial business in Minnesota, including but not limited to developing, building, and managing hotels, restaurants, and residential properties.

9.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 because the FLSA claim arises under the laws of the United States. To the extent that Plaintiff brings claims under Minnesota law, jurisdiction is proper in this court under 28 U.S.C. § 1367(a) because the Minnesota law claims are so related to the claims that confer original jurisdiction that they form a part of the same case or controversy.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to Plaintiff's claim occurred in this District.

## FACTS

11.     According to its website, Defendant is a "housing and hotel development and management company" that "manages hotel properties throughout the United States ranging

in size from limited-service properties to full-service hotels, with restaurants, lounges, and conference facilities."

12.     In addition to developing and managing hotels, Defendant also manages multi-unit residential properties as well as several restaurants.

13.     Plaintiff started working for Defendant as a front desk worker at its hotel located in Mountain Iron, Minnesota, and was eventually moved to the maintenance department and promoted to maintenance supervisor.

14.     Plaintiff earns an hourly wage of $17.50 as the maintenance supervisor.

15.     Many of Defendant's employees, including Plaintiff, are and were paid an hourly wage for their work.

16.     Upon information and belief, Defendant employs at least 40 hourly employees across its Minnesota locations.

17.     Upon information and belief, Defendant employs at least 200 hourly employees across all of its locations.

18.     During the class period, Defendant instituted a policy by which it would refuse to pay its hourly employees for any time worked before the five minutes preceding their scheduled shifts.

19.     In an all-staff memo, Defendant informed its hourly employees that "You are paid starting at your scheduled shift time. 5 minutes before is the earliest punch time. If you punch in before that it is unpaid time."

20.     Defendant routinely required Plaintiff and other hourly employees to begin working more than five minutes before the scheduled start of their shifts.

21.     These pre and post-shift activities include, but are not limited to, shoveling snow from the entrance of the properties, testing the chemical levels in the pool, moving trash out of the building to be picked up, and counting the cash at the front desk.

22.     Further, Plaintiff and other hourly employees routinely worked more than 40 hours per week but did not receive overtime pay.

23.     As a result, Plaintiff and other hourly employees worked hours of compensable time for which they have not been paid over the course of their employment with Defendant, including overtime wages.

## Collective Action Allegations

24.     Plaintiff brings Count Two of this Complaint as a collective action, alleging violations of the FLSA on behalf of herself and all similarly situation individuals. This "Federal Collective Group" is defined as:

> All individuals who worked for Defendant as hourly employees during the period commencing four years prior to the filing of this Complaint to present.

Plaintiff reserves the right to modify this definition prior to conditional certification of the Federal Collective Group.

25.     The Federal Collective Group also includes the named Plaintiff in this action.

26.     Plaintiff and other Member of the Federal Collective Group are similarly situated in that they have substantially similar job requirements, pay provisions, and are subject to Defendant's common practice, policy, or plan of not paying for all compensable time and for not paying overtime premium wages for work performed in excess of 40 hours per week.

27.     Defendant permitted Plaintiff and Member of the Federal Collective Group

to work more than 40 hours per week without payment of full overtime compensation from

time to time.

28.     Defendant failed to properly compensate Plaintiff and Members of the

Federal Collective Group for all time worked.

29.     Count Two of this Complaint for violations of the FLSA may be brought and

maintained as an "opt-in" collective actions pursuant to 29 U.S.C. § 216(b) because the

claims of the Plaintiff are similar to the claims of current and former employees who worked

for Defendant.

30.     Defendant is liable under the FLSA for failing to properly compensate

Plaintiffs and all similarly situated individuals, and notice of this lawsuit should be sent to

them. Those similarly situated employees are known to the Defendant and are readily

identifiable through Defendant's payroll records.

## Class Action Allegations

31.     Plaintiff brings this Complaint as a class action pursuant to Rule 23 of the

Federal rules on behalf of a Class defined as follows:

> All individuals who worked for Defendant as hourly employees in the
> State of Minnesota during the period commencing four years prior to
> the filing of this Complaint to present.

 Plaintiff reserves the right to redefine the Class Prior to class certification.

32.     The rule 23 Class is so numerous that joinder of individual plaintiffs is not

practical. The precise number of Class members is not precisely known but it can reasonably

be estimated as 40 or more individuals. Defendant is likely to have or control information making it feasible to determine how many members are in the Rule 23 Class.

33.     There are several questions of law and fact common to Plaintiff and the Rule 23 Class, and those questions predominate over any questions that may affect individual Rule 23 Class members. Such questions include but are not limited to the following:

    a. Whether Defendant illegally withheld wages earned by Plaintiff and members of the proposed class;

    b. Whether Defendant violated the rights of Plaintiff and the members of the Class under Minnesota law by failing to pay them overtime premium wages;

    c. Whether Defendant failed to promptly pay Plaintiff and members of the proposed class;

    d. Whether Defendant has been unjustly enriched at the expense of Plaintiff and members of the Class.

34.     Plaintiff's claims are typical of those by Rule 23 Class Members. Defendant maintained common policies, practices, and procedures for Plaintiff and all Rule 23 Class Members. Defendant's scheme to pay its employees less than what they were owed by law resulted in substantially similar harms to Plaintiff and Rule 23 Class Members. Those harms include, but are not limited to, illegal nonpayment of wages.

35.     Plaintiff will fairly and adequately protect the interests of the Rule 23 Class. Plaintiff retained experienced counsel with the necessary expertise and resources to prosecute class action litigation. Plaintiff and their counsel do not anticipate circumstance where Plaintiff's interest would be adverse to Rule 23 Class Members.

36.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Given the complexity of the claims in this case, it would not be economical for Class members to individually litigate their claims. If Class Members are required to bring separate lawsuits, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court, creating risk of inconsistent rulings and judgments contrary to the interests of justice and equity. A single proceeding will streamline discovery and avoid needless repetition of evidence at trial.

## COUNT I
### FAILURE TO PAY WAGES
### Minn. Stat. §§ 181.01, et seq.
(by Plaintiff Individually and on Behalf of the Rule 23 Class)

Plaintiff re-alleges all preceding paragraphs of this Complaint.

37.    Under Minnesota law, "every employer must pay all wages, including salary, earnings, and gratuities earned by an employee at least once every 31 days." Minn. Stat. § 181.101(a).

38.    Defendant failed to pay Plaintiff and other members of the class for all earned wages, including statutorily required overtime wages.

39.    Defendant is liable to Plaintiff and the Class for unpaid earned wages, a penalty equal to the value of the unpaid earned wages, attorneys' fees, reasonable costs, disbursements, witness fees, civil penalties, and other appropriate relief. *See* Minn. Stat. §§181.101; 181.171.

## COUNT II
### FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT
(by Plaintiffs Individually and on Behalf of the FLSA Collective Class)

Plaintiff re-alleges all preceding paragraphs of this Complaint.

40.    Section 207(a)(1) of the FLSA provides in part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any work week is engaged in commerce or in the production of goods for commerce, for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

41.    For purposes of the FLSA, Defendant engaged in uniform employment practices with hourly employees in Minnesota.

42.    Plaintiff and other members of the FLSA Collective Class regularly worked more than 40 hours per week but did not receive overtime pay.

43.    At all times relevant to the allegations of this Complaint, Defendant has gross operating revenues in excess of $500,000.

44.    Defendant acted willfully through knowing, deliberate, and intentional failure to pay overtime premium wages, in violation of the FLSA, to Plaintiff and other members of the FLSA Collective Class.

45.    As a result of Defendant's failure to pay overtime premium wages, Plaintiff and the other members of the FLSA Collective Class were damaged in an amount to be proven at trial.

46.    Plaintiff and the FLSA Collective Class demand judgment against Defendant for FLSA overtime premium wages, plus interest, damages, penalties, attorney fees and costs, and any other relief provided by law.

## PRAYER FOR RELIEF

Therefore, Plaintiff requests that judgment be entered against Defendant for the following:

a.      Certify the Federal Collective Group and the Rule 23 Class, appointing Plaintiff as Class Representative, and appointing the undersigned counsel of record as Class Counsel;

b.      Enter judgment requiring Defendant to compensate Plaintiff and the other members of the Class for the reasonable value of the benefits Plaintiff and members of the class provided to Defendant;

c.      Award reimbursement of unpaid wages at overtime rates for all overtime work as described in this Complaint;

d.      Award payment of any penalties or other amounts under any applicable laws, statutes, or regulations, including but not limited to liquidated damages;

e.      Enter judgment in favor of each Class member for damages suffered as a result of the conduct alleged herein, to include pre-judgment interest;

f.      Award Plaintiff and Class members reasonable attorneys' fees and costs;

g.      Award Plaintiff and the other members of the Class punitive damages in an amount to be determined at trial; and

h.      Grant such other and further legal and equitable relief as this Court deems just and necessary.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS WHERE TRIAL BY JURY IS AVAILABLE.


Dated: December 7, 2022                    s/ Nicholas P. DeMaris
                                          Shawn J. Wanta
                                          Bar No. 0389164
                                          Nicholas P. DeMaris
                                          Bar No. 0402896
                                          *Attorneys for Plaintiff*
                                          BAILLON THOME JOZWIAK & WANTA LLP
                                          100 South Fifth Street, Suite 1200
                                          Minneapolis, MN 55402
                                          Telephone: (612) 252-3570
                                          sjwanta@baillonthome.com
                                          npdemaris@baillonthome.com